IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF MASSACHUSETTS

| | |
|---|---|
| CALVIN ALLEYNE, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., et al.,<br><br>          Defendants. | No. 3:24-cv-12031-KAR |

**PLAINTIFFS' SECOND MOTION TO REFILE DOCKET ENTRY 14
(PLAINTIFFS' FIRST AMENDED COMPLAINT)**

Plaintiffs, by and through their counsel, hereby move to substitute Docket Entry 14 with the revised filing attached as Exhibit A.[1] In support of this Motion, Plaintiffs state the following:

1. Plaintiffs instituted this action on August 6, 2024. (*See* Original Compl., Dkt. 1).

2. After receiving Plaintiffs' original Complaint, counsel for Defendants advised that the correct FedEx entity for this suit is "Federal Express Corporation, successor by merger to Defendant FedEx Ground Package System, Inc."

3. Plaintiffs' counsel have also determined that Carlos Faria—one of the 146 plaintiffs named in the original Complaint—should be removed from this action.

4. Defendants have not yet filed a responsive pleading to Plaintiffs' original complaint.

---

[1] Plaintiffs filed their first motion to refile on September 25, 2024. (Dkt. 15). The Court denied without prejudice Plaintiffs' first motion to refile for failure to certify compliance with Local Rule 7.1. (Dkt. 16). Plaintiffs have corrected this issue by including a certificate of compliance below.

1

5. For these reasons, Plaintiffs had intended to correct both issues by filing an amended complaint under Rule 15(a)(1) of the Federal Rules of Civil Procedure.

6. However, on September 24, 2024, Plaintiffs' counsel inadvertently filed the wrong version of Plaintiffs' First Amended Complaint (*See* Dkt. 14).

7. The version that Plaintiffs' counsel inadvertently filed removed Carlos Faria but did not correct the FedEx entity to "Federal Express Corporation, successor by merger to Defendant FedEx Ground Package System, Inc." (*Id.*).

8. Attached as Exhibit A is the version that Plaintiffs' counsel had intended to file and seeks to substitute for Docket Entry 14.

9. Attached as Exhibit B is a redline version highlighting the differences between the correct version of Plaintiffs' First Amended and Docket Entry 14.

10. Because Rule 15 allows for one amendment as a matter of course, Plaintiffs now seek to replace Docket Entry 14 with Exhibit A.

11. If Plaintiffs are not allowed to replace their filing, they will be forced to burden the Court with a motion for leave to file another amended complaint.

12. Allowing Plaintiffs to replace their filing would also be consistent with Rule 1, which provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

WHEREFORE, Plaintiffs should be permitted to substitute Docket Entry 14 with the correct version of their First Amended Complaint, attached as Exhibit A.

Dated: September 26, 2024	CALVIN ALLEYNE, et al.

By their attorneys

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (BBO #640716)
Harold Lichten (BBO #549689)
Matthew Carrieri (BBO #705192)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com
mcarrieri@llrlaw.com

Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
76 E. Euclid Avenue, Suite 101
Haddonfield, New Jersey 08035
(856) 509-5346
jabay@llrlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATION UNDER LOCAL RULE 7.1

Pursuant to Local Rule 7.1, I hereby certify that on September 26, 2024, counsel for Plaintiffs conferred with counsel for Defendants and have attempted in good faith to resolve or narrow the issue presented in this Motion. As a result of these efforts, counsel for Defendants has requested that the following language be included in this certification, "Because FedEx has not yet been served in this case, it takes no position on Plaintiffs' motion. By taking no position, FedEx does not waive the many problems it has with Plaintiffs' complaint that it will address in due course after service."

<i>s/ Shannon Liss-Riordan</i><br>
Shannon Liss-Riordan

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2024, I caused a true and correct copy of the foregoing Motion to Refile to be filed with the Court's CM/ECF system, which constitutes service on Defendants, whose counsel are registered participants on that system.

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan